**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE )
)
) ID#1208019720
v. )
)
WAYMOND E. WRIGHT, )
)
Defendant )

Submitted: December 7, 2017
Decided: March 6, 2018

On Defendant's Motion for Postconviction Relief. **DENIED.**

# ORDER

Barzilai K. Axelrod, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Waymond E. Wright, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se*.

COOCH, R.J.

This 6th day of March 2018, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

1.  On July 16, 2013, Defendant was convicted of Robbery Second Degree and Conspiracy Second Degree by a jury. On July 2, 2015, a separate jury convicted Defendant of a separate but related charge of Criminal Solicitation Second Degree. Defendant then filed a "Motion for Judgment of Acquittal, or Alternatively for a New Trial," which this

1

Court denied prior to sentencing.[1] Defendant was sentenced on September 11, 2015 on all three charges. At sentencing, the Court, upon the State's motion, declared Defendant a habitual offender as to the Robbery Second Degree charge, a class E violent felony, under 11 *Del. C.* § 4214(a), and sentenced him to fourteen years at Level V supervision. On the Criminal Solicitation Second Degree charge, a class F non-violent felony, the Court, upon the State's motion, declared Defendant a habitual offender and sentenced him to four years at Level V supervision. Finally, on the Conspiracy Second Degree charge, a class G non-violent felony, the Court sentenced Defendant to two years at Level V suspended immediately for decreasing levels of supervision. On September 7, 2016, the Delaware Supreme Court summarily affirmed Defendant's conviction and sentence for the Robbery Second Degree and Conspiracy Second Degree charges.[2]

2. On November 30, 2016, Defendant filed a *pro se* Motion for Postconviction Relief, which was supplemented on February 9, 2017. On January 18, 2017 Defendant's trial counsel, Mr. Christopher S. Koyste, Esquire, filed an Affidavit addressing Defendant's Motion. On May 11, 2017, Mr. Koyste filed a Second Affidavit addressing Defendant's Amended Motion. On May 16, 2017, this Court denied Defendant's Motion for Appointment of Counsel for his Rule 61 motion and set forth a scheduling order for the remaining Motions. On June 2, 2017, Defendant filed a "Response to Mr. Koyste's Affidavit and Re-Consideration of Appointment of Counsel," essentially, another Motion for Postconviction Relief. The State filed a Response to Defendant's Motion for Postconviction Relief on June 23, 2017, followed shortly thereafter by an Amended Response on June 27, 2017. Finally, Defendant filed a Reply to State's Response to Defendant's Motion for Postconviction Relief on July 17, 2017.

3. Defendant then filed a *pro se* "Motion for Leave to Amend Postconviction Relief Motion," on August 31, 2017, in which he sought to add an additional Ineffective Assistance of Counsel claim—against his appellate counsel—to his Motion for Postconviction Relief. This

---

[1] *State v. Wright*, 2014 WL 4088685, at *1 (Del. Super. Ct. Aug. 19, 2014), *aff'd* 2016 WL 4702061 (Del. 2016).

[2] Defendant appealed his Criminal Solicitation conviction separately. *See Wright v. State*, 147 A.3d 748, 748 n.1 (Del. 2016).

Court granted Defendant's Motion to Amend his Motion for Postconviction relief on September 7, 2017. Defendant's appellate counsel, Ms. Dana L. Reynolds, Esquire, filed an affidavit, which addressed Defendant's second amended motion, on October 4, 2017. In her affidavit, Ms. Reynolds denied Defendant's ineffective appellate counsel claim against her. On November 15, 2017, the State responded to Defendant's second amended motion. Defendant filed a "Reply to Affidavit of Counsel Dana L. Reynolds' Response to Petitioner's Motion for Postconviction Relief" on December 7, 2017.

4.    In Defendant's Motion for Postconviction Relief (filed November 30, 2016 and subsequently supplemented on February 9, 2017), Defendant asserted six grounds for relief pertaining to his Robbery Second Degree and Conspiracy Second Degree convictions. Ground One: "Ineffective Assistance of Counsel . . . Attorney failed to introduce evidence that could have proved that the State's witness wasn't being truthful on the witness stand, as well as withholding exculpatory and impeachment evidence." Ground Two: "Ineffective Assistance of Counsel . . . Counsel didn't request cautionary instruction when co-defendants became ab[sent] mid-trial, and not cross examine witness (eyewitness) statements to investigators." Ground Three: "State Holding Favorable Evidence . . . State withheld 1st proffer made by co-defendant which could've been used to impeach co-defendant." Ground Four: "Ineffective Assistance of Counsel . . . Attorney was ineffective for not objecting when State introduce[d] co-defendants pleas as substantive proof that [Defendant] work together with them when co-defendant committed robbery." [3]    Ground Five: "Ineffective Assistance of Counsel [due to] Exculpatory Evidence along with impeachment evidence [relating to co-defendants.]"[4] Defendant claims specifically that his Attorney knew that testimony given at trial was inconsistent with prior statements. Ground Six: "Trial Counsel failure to investigate Mr. Huff's proffer to the investigator or State was Ineffective."[5]

5.    In Defendant's second amended motion, Defendant added an additional Ineffective Assistance of Counsel claim against his appellate counsel, Ms. Reynolds, in which he asserted Ground Seven: ". . . claim of

---

[3] Def.'s Mot. for Postconviction Relief. at 3.
[4] Def.'s Am. Mot. for Postconviction Relief at 2.
[5] *Id.*

3

appellate counsel/direct appeal counsel ineffectiveness . . . my counsel Dana Reynolds abandon the claim that was presented at trial motion for judgment of acquittal and motion for new trial dated: 10-25-2013; 10-28-2013."[6]

6. The State's responded in part as follows:

> At the outset, the State notes that as to all of the defendant's claims, the defendant fails to satisfy the *Strickland* threshold requirement that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The defendant does not articulate a substantiated allegation of actual prejudice as required in order to satisfy this requirement, as such, the Court does not need to perform an analysis under the first part of the *Strickland* test. To the extent it does opt to do so, the defendant also fails to articulate how his counsel's representation, in any way, fell below an objective standard of reasonableness, let alone that the failure was of a magnitude that overcomes the strong presumption that counsel's conduct fell within a wide range of reasonable professional assistance. Therefore, all of the defendant's ineffective assistance of counsel claims must fail; this inherent failure renders moot the necessity to address the substantive side of each ground.[7]

7. The Court finds that Defendant is not entitled to relief under Superior Court Criminal Rule 61 because Defendant has failed to establish that he did not receive effective assistance of counsel. In order to prove that his counsel was ineffective, Defendant would have to demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[8] "Mere allegations of ineffectiveness will not suffice. A defendant must make specific allegations of actual prejudice and substantiate them."[9]

8. If Defendant fails to demonstrate one of the two *Strickland* prongs, this Court need not address the other prong. Nevertheless, the Court will address both prongs under *Strickland*. First, Defendant has not

---

[6] Def.'s Second Am. Mot. for Postconviction Relief.
[7] St.'s Resp. at 8-9.
[8] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).
[9] *Zebroski v. State*, 822 A.2d 1038, 1043 (Del. 2003).

4

demonstrated that counsel's representation fell below an objective standard of reasonableness. There is a strong presumption that counsel's conduct fell within a wide range of reasonable professional assistance.[10] Just because a defendant and attorney disagree as to how a witness was questioned does not mean that the attorney's conduct did not fall within this range and that the attorney did not exercise sound trial strategy. Furthermore, the Delaware Supreme Court has held that "when the determination of facts turns on a question of credibility and the acceptance or rejection of the testimony of witnesses appearing before [the trier of fact], those findings of the [trier of fact] will be approved upon review, and [the reviewing court] will not substitute [its] opinion for that of the trier of fact....a verdict will not be set aside because it was based on conflicting testimony."[11] In addition, this Court stated in Defendant's Motion for Judgment of Acquittal that "...inconsistencies were properly resolved by the jury and the facts of this case fail to rise to the 'rare case' contemplated when awarding a judgment of acquittal."[12]

9. The facts of this case at trial were decided by the jury, including any inconsistencies in the witnesses' statements. The jury and this Court, in its August 19, 2014 denial of Defendant's Motion for Judgment of Acquittal and New Trial, found that there was sufficient evidence to convict Defendant. Furthermore, Mr. Koyste and Ms. Reynolds supplied affidavits, which supported their decisions at trial. Mr. Koyste stated that he did not introduce certain evidence "based on a strategic decision" as certain evidence would have been harmful to the defense.[13] Ms. Reynolds stated that "upon careful review and analysis of the trial record in [this] case, I arrived at the conclusion that such argument had no merit, and I could not ethically advocate that argument on appeal."[14] Defendant has not satisfied the *Strickland* standard.

10. Also, as to the second *Strickland* prong requiring that a defendant demonstrate that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, Defendant fails to adequately substantiate any allegation

[10] *Strickland*, 466 U.S. at 689.
[11] *Richards v. State*, 865 A.2d 1274, 1280 (Del. 2004).
[12] *Wright*, 2014 WL 4088685, at *5.
[13] Koyste Second Aff., at 2.
[14] Reynolds Aff., at 1

of actual prejudice as required on the rule. "[R]easonable probability is a probability sufficient to undermine confidence in the outcome."[15] Defendant has not demonstrated that there is a "reasonable probability" that but for any of his counsels' alleged errors, the result of his proceeding would have been different. Therefore, Defendant's ineffective assistance of counsel claim is meritless. Accordingly, Defendants Motion for Postconviction Relief is **DENIED.**

**IT IS SO ORDERED.**

Richard R. Cooch, R.J.

cc: Prothonotary
     Investigative Services

---

[15] *Strickland*, 466 U.S. at 684.